INHABITANTS OF CORNVILLE *versus* INHABITANTS OF BRIGHTON.

In a question as to the settlement of a pauper, *his declarations* are admissible in evidence, to illustrate any acts by him done tending to establish the issue.

Thus, when about going from the town where he was at work to the town where his former settlement was established, *his declarations* of his purpose in that journey are admissible.

And although the interrogatory framed to draw out his declarations may be general, and when standing alone appear to refer to *any departure* of the pauper, and therefore in itself inadmissible, yet, if it appears from the answer, and from the proceedings, to have had reference *only* to a journey to the town interested in the question, it furnishes no ground for exceptions.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT, for supplies furnished to Benjamin N. Berry, a pauper.

The pauper had a derivative settlement from his father in Brighton.

The defendants contended, that he subsequently gained a settlement in Cornville by five consecutive years of residence in that town, and that his home was with one Jos. Barker.

After the evidence of defendants was put in, the plaintiffs called Barker, and propounded to him this question : —

"At any time when Berry went away from your house what did he say?"

This inquiry was objected to, but the Judge allowed the plaintiffs' counsel to inquire what Berry said while in the act of going from witness' house, touching his intentions in going, as part of the *res gestæ*.

The answer was, that when Berry was going to Brighton he said he wished to go for a week or so; that he wished to attend to the land he bought of the witness.

The verdict was for plaintiffs. To this ruling the defendants excepted.

*Hutchinson & D. D. Stewart,* in support of the exceptions, contended that to render the declarations admissible, they must illustrate an act material to the issue. *Corinth* v. *Lincoln,* 34 Maine, 310; *Salem* v. *Lynn,* 13 Met. 544. The act cannot be proved by the declarations. It must be established by other evidence. And the act must be shown to be material to the issue. The purpose for which he returned to Brighton is uncertain, and it does not appear he was changing his residence.

*Leavitt & J. S. Abbott, contra.*

RICE, J. — It is admitted that the pauper whose settlement is controverted, had a derivative settlement in Brighton. The defence was, that by a residence in Cornville, during a period of five consecutive years, he had gained a settlement in that town, in his own right. The contested point at the trial, was whether he had resided in Cornville during that time, intending to make that place his home, or had simply been absent from Brighton, seeking temporary employment, *animo revertendi.*

The pauper, while in Cornville, had resided in the family of one Barker, who was called as a witness, and when upon the stand, the counsel for the plaintiffs put to him the following interrogatory; "At any time when Berry (the pauper) went away from your house, what did he say?"

This question was objected to by the counsel for the defendants; but the Court allowed the plaintiffs to inquire of the witness what Berry said, while in the act of going from witness' house, touching his intentions in going, as part of the *res gestœ.*

By this interrogatory, the declarations of the pauper were called for, at any time, when he was going from the house of

the witness, without reference to the place where he was going, or the purpose for which he was then about to depart. Standing alone, this question is altogether too general, and clearly inadmissible. In the examination of witnesses it frequently happens, that questions are put, which if separated from the general course of inquiry, then being pursued, would be inadmissible by reason of being too general, indefinite and uncertain, but which, taken in connection with the course of inquiry then being pursued, are thereby rendered both definite and pertinent. Interrogatories should be so framed as to call out from the witness, only such facts as are material and pertinent to the issue to be tried. To accomplish this object, much will depend upon the condition of things at the time the particular interrogatory is propounded, and to the antecedent course of inquiry. The law prescribes no particular formula to be used, but leaves the form to be governed by general principles as applied to particular cases. If there is sufficient, appearing in the case, to show that the attention of the witness was directed to matters which were pertinent and material, and the answer is confined to such matters, the interrogatory will not be deemed objectionable, although if taken alone, and unconnected with other inquiries, it would have been inadmissible.

In the case at bar we are satisfied, as well from the argument of counsel, as from the answer of the witness, that the interrogatory was understood to apply only to occasions when the pauper left the house of the witness to go to Brighton.

With this modification, it is contended that the question is still too general and uncertain; and that the declaration of the pauper can only be given in explanation of the act of going to Brighton, at a time when he was actually changing his residence, or moving, from one town to the other.

To make the declarations of a party who is competent to be a witness, admissible as "verbal acts," those declarations must accompany, and be explanatory of, some act which of

itself has a tendency to establish the issue to be determined. Declarations made at such times, and under such circumstances, become a part of the *res gestæ*, and as such are admissible. When a person changes his actual residence, or domicil, or is upon a journey, leaves home, or returns thither, or remains abroad, or secretes himself; or, in fine, does any other act, material to be understood; his declarations, made at the time of the transaction, and expressive of its character, motive, or object, are regarded as " verbal acts, indicating a present purpose and intention," and are therefore admitted in proof like any other material facts. 1 Greenl. Ev. § 108.

In *Gorham* v. *Canton,* 5 Maine, 266, it became important to determine where one Enoch Waite had his domicil. He appears to have been a man of migratory habits, who had lived in the family of Doct. Holland, in Canton. The plaintiffs were permitted to prove that Waite, when on one of his perigrinations and when in the town of Falmouth, declared he was going home, to Doct. Holland's. This evidence was objected to, but the full Court decided that it was properly admitted as part of the *res gestæ.* WESTON, C. J., in delivering the opinion of the Court, says, " had the pauper declared that he was going to consult Dr. Holland, as a physician; to adjust accounts between them; to procure the clothes he had left at his house, or for any special purpose, proof of such declarations would have been admissible. Such declarations show the intention with which the act was done."

In *Baring* v. *Calais,* 11 Maine, 463, the defendants offered to prove certain declarations of the pauper, while at Baring, touching his intentions as to residence. These declarations were excluded by the Judge who presided at the trial, and for that cause a new trial was granted by the full Court.

The rule of law is too well established on this subject to require illustration by the citation of authorities.

In the case at bar, the original home of the pauper was

in Brighton.   The question to be decided was, had he aban-
doned that home?   He is found, at different times, when
out of that town, returning thither.   It is suggested, and
much insisted upon in the argument, that it is uncertain for
what purpose he thus returned; that it might be on tempo-
rary business of his own, or on the business of his employ-
er, and therefore the fact of his going to Brighton, while he
was residing in Cornville, does not necessarily show that he
was going to Brighton as his home.   This is very true.   But
the act is entirely consistent with such intention and is evi-
dence pertinent to prove that fact, and the only object of
admitting the declarations is to illustrate the intention with
which the act was done.   If it thus appeared that the act
had reference to his place of permanent residence, his home,
it became material to the issue and was legitimate evidence
for the plaintiffs; if not, then the whole transaction became
immaterial or resulted in favor of the defendants.

The act itself being pertinent and proper to be proved,
the force and effect to be given to it would depend upon the
intent with which it was performed.   As one legitimate mode
of ascertaining that intention, resort is had to the declara-
tions of the party, made at the time, and in explanation
thereof.   We think the answer of the witness was properly
admitted.                              *Exceptions overruled.*

SHEPLEY, C. J., dissented.